UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60338-RAR

**JASON HUNTER BELL**,

    Plaintiff,

v.

**MACY'S CORP. SERVICES**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND SETTING BENCH TRIAL

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 69] ("Report"), filed on July 24, 2020. The Report recommends that the Court deny without prejudice Defendants' Motion to Compel Arbitration and Dismiss or, in the alternative, Stay Proceedings [ECF No. 48] ("Motion") pending a bench trial on the limited issue of whether Plaintiff timely opted out of arbitration. *See* Report at 1. Plaintiff filed objections to the Report on August 6, 2020 [ECF No. 72] ("Pl.'s Obj.") and Defendants filed their objection on August 7, 2020 [ECF No. 73] ("Defs.' Obj."). Having reviewed the Report, Plaintiff's Objections, Defendants' Objection, conducted a *de novo* review of the record, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** as follows: 1) the Report [ECF No. 69] is hereby **AFFIRMED AND ADOPTED**; 2) Defendants' Motion [ECF No. 48] is **DENIED** *without prejudice*; and 3) a bench trial shall be held on the limited issue of whether Plaintiff timely opted out of arbitration.

## I. BACKGROUND

### A. *Factual Background*

Plaintiff Jason Hunter Bell commenced this action on February 14, 2020, asserting various discrimination and retaliation claims against his former employer Macy's Corp. Services ("Macy's"), his supervisor at Macy's (Shari Rhodes), and her supervisor (Raymond C. Vega III), (collectively, "Defendants"). *See generally* Complaint for a Civil Case [ECF No. 1] ("Complaint"). Pursuant to the Motion, Defendants seek to compel arbitration, asserting that Plaintiff is required to arbitrate his claims in accordance with an arbitration agreement governing his employment relationship with Macy's. All Macy's employees are generally subject to the arbitration agreement by virtue of their employment with Macy's. However, individuals are permitted to opt out of the arbitration agreement within 30 days of being hired by Macy's. The ability to opt out is communicated to Macy's employees, as it was to Plaintiff, in multiple ways. *See* [ECF No. 48-1] at 18, 20, 40, 48, 49, 51, 52, 56, 58, 75, 76, 78, 79. Plaintiff was without a doubt aware of the opt-out requirements as evidenced by his assertion that he timely opted out of the arbitration agreement.

Macy's employees who fail to opt out are bound by the arbitration agreement, which is a part of the Macy's Solutions InSTORE Program ("SIS Program"). *See* Declaration of Maria Vogeler in Support of Defendants' Motion to Compel Arbitration and Dismiss this Action ("Vogeler Decl.") [ECF No. 48-1] at ¶¶ 3-14. The SIS Program is a four-step dispute resolution program intended to efficiently and fairly resolve employee disputes between an employee and Macy's or another employee. *Id.* at ¶ 4. The first three steps of the SIS Program provide for internal resolution of an employee's work-related dispute before proceeding to Step 4, which calls for arbitration. *Id.* at ¶ 9. At Step 4, both Macy's and the employee agree to use final and binding

arbitration as the sole and exclusive means to resolve any disputes regarding the employee's employment. *Id.* However, employees are given the choice to opt out of arbitration at the time of hire. *Id.* at ¶¶ 9-11. In order to successfully opt out, an employee must complete a one-page form and mail it to the Solutions InSTORE Office in Mason, Ohio within 30 days of their hire date. *Id*. Employees are also informed that failure to submit the arbitration opt-out within the 30-day time period indicates that individual's assent to be covered by Step 4—binding arbitration. *Id.*

Plaintiff began working for Macy's on August 8, 2014. *Id*. at ¶ 18. As part of his training, Plaintiff reviewed certain policies, procedures, and orientation materials, and electronically acknowledged reviewing and receiving said materials. *Id.* at ¶¶ 25-26. Several of those materials advised Plaintiff about the SIS Program, including the New Hire Acknowledgement Form, the SIS Brochure, the Plan Document, and the Election Form (collectively, "Arbitration Policy Documents"). *Id*. at ¶ 18. For instance, Macy's records reflect that Plaintiff viewed the New Hire Acknowledgement form and subsequently signed the form at 10:23 a.m. EST by clicking the "I certify" link at the bottom of the form. *See* Declaration of Barry Sherrick in Support of Defendant's Motion to Compel Arbitration and Dismiss this Action ("Sherrick Decl.") [ECF No. 48-2] at ¶¶ 4-15. By electronically signing the form, Plaintiff acknowledged, in pertinent part, the following:

> I understand that I have thirty (30) days from my date of hire to review this information and postmark my election form to the Office of Solutions InSTORE if I wish to opt out of Step 4, the final step of the Company's early dispute resolution program, Solutions InSTORE, which is final and binding arbitration. I understand that I will be automatically enrolled in the program and subject to final and binding arbitration from my date of hire unless, within thirty (30) days of my date of hire, I take the steps required to opt out of Step 4 – Arbitration.
>
> . . .
>
> I understand that if I do not opt out of this program, any disputes or claims relating to my employment, other than those expressly

> excluded from arbitration in the Plan document, will be resolved using the Solutions InSTORE process described in the brochure and Plan Document. The process continues to apply to such employment related disputes even after my employment ends.
>
> . . .
>
> I understand that if I do not wish to be covered by Step 4, Arbitration, the only way to notify the Company about my choice is by postmarking my election form within 30 days of hire and mailing it to the Office of Solutions InSTORE.

*Id.* at 20-22. According to Defendants, Plaintiff is bound to arbitrate his claims because the Office of Solutions InSTORE did not receive any such Election Form from Plaintiff and Plaintiff did not otherwise contact the Office of Solutions InSTORE to contest his participation in Step 4 – Arbitration. Vogeler Decl. at ¶¶ 27, 29.

Plaintiff contends that no arbitration agreement exists between the parties because he timely opted out in accordance with the terms of the New Hire Acknowledgement form he signed on his first day—thus, he did not accept Macy's offer to enter into an arbitration agreement. Plaintiff has not contested that his claims are arbitrable (assuming a valid agreement exists).

### B. *Procedural Background*

On June 15, 2020, Defendants moved to compel arbitration, arguing that Plaintiff agreed to resolve all employment-related disputes with his employer exclusively by final and binding arbitration pursuant to Macy's SIS Program. *See generally* Mot. In opposition, Plaintiff argued that he took advantage of the "opt-out" provision, which prevented the contract's formation, and that in any event, the arbitration agreement at issue is unconscionable and Defendants waived their right to arbitrate. *See* [ECF No. 58].

In their Reply, Defendants insisted that the only issue for the Court to decide is whether Plaintiff timely submitted the completed Election Form to the Office of Solutions InSTORE. *See* [ECF No. 62]. To that end, Defendants argued that there is little evidence that Plaintiff ever

submitted an Election Form, much less that he did so within the requisite 30-day time period. *Id.* Indeed, Defendants argued that the overwhelming evidence before the Court suggests that Plaintiff never returned the Election Form to Macy's, and by failing to do so Plaintiff agreed to arbitrate his claims. *Id.*

On July 24, 2020, Magistrate Judge Strauss issued his Report recommending that the Court deny Defendants' Motion without prejudice pending a bench trial to determine whether Plaintiff timely mailed the opt-out form in the manner required.[1] *See generally* Report. Magistrate Judge Strauss concluded that Plaintiff's unconscionability and waiver arguments are unavailing but found that a genuine dispute of material fact exists as to whether Plaintiff opted out of the arbitration agreement. *Id*. at 11. Thus, given that no jury trial on the issue has been requested, Magistrate Judge Strauss recommended that the Court summarily proceed to a bench trial on the opt-out issue. *Id.*

On August 6, 2020, Plaintiff filed a Response with Argument and Objection Against Report and Recommendation with Affidavits and Exhibits [ECF No. 72], which purports to serve as Plaintiff's Objections to the Report. Plaintiff's Objections consist of a medley of copied and pasted sentences taken from Magistrate Judge Strauss's Report, followed by Plaintiff's response to each of Magistrate Judge Strauss's findings. Further, Plaintiff's Objections appear to rehash many of the same arguments and positions he took in the original papers he submitted to Magistrate Judge Strauss. Defendants also timely objected to the Report on August 7, 2020. [ECF No. 73]. Defendants object only to Magistrate Judge Strauss's finding that a genuine issue of material fact exists as to whether Plaintiff timely opted out of arbitration. As a result, Defendants urge the Court not to follow the Report with respect to the opt-out issue, decline to hold a bench trial, and instead

---

[1] This case was referred to Magistrate Judge Strauss for the issuance of a report and recommendation on any dispositive matters. [ECF No. 44].

grant Defendants' Motion in its entirety.

## II. LEGAL STANDARD

### A. Review of Report and Recommendations

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] *specific findings* set forth in the R&R and articulate[s] a *legal ground* for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphases added; citations omitted). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-CV-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### B. Procedural Framework

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs the enforceability of an arbitration agreement. That statute commands that before compelling arbitration of a dispute, the Court must first be satisfied that the parties agreed to arbitrate the dispute. *See id.* § 4 (directing that courts must direct the parties to arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue"); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[T]he first task of a court asked to compel arbitration

of a dispute is to determine whether the parties agreed to arbitrate that dispute."). "Simply put, parties cannot be forced to submit to arbitration if they have not agreed to do so." *Chamlee v. Jonesboro Nursing and Rehab. Ctr., LLC*, No. 18-CV-05899, 2019 WL 6042273, at *1 (N.D. Ga. Aug. 14, 2019) (quoting *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992)).

Section 4 of the FAA provides that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The Eleventh Circuit has held that "a summary judgment-like standard is appropriate" when the making of an arbitration agreement is in question and "that a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement.'" *Bazemore v. Jefferson Capital Sys., LLC.*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

"A Plaintiff can raise a genuine issue of fact regarding the validity of an arbitration agreement by (1) making an unequivocal denial that there was an agreement, and (2) producing evidence to substantiate the denial." *Hilton v. Fluent*, 297 F. Supp. 3d 1337, 1341 (S.D. Fla. 2018) (citation and internal quotations omitted). This determination is to be made solely by the Court with no thumb on the scale towards finding a valid arbitration agreement, so "while doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1116 (11th Cir. 2014) (citation omitted).

All evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). However, a dispute is not "'genuine' if it is unsupported by the evidence

or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Baloco v. Drummond Co.*, 767 F.3d 1229, 1246 (11th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "Conclusory allegations without specific supporting facts have no probative value for a party resisting summary judgment." *Baloco*, 767 F.3d at 1333 (citing *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000)) (quotation marks omitted). However, "a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment." *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (citing *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013)).

### C. State Contract Law

"Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements." *Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (citation omitted); *see also Dasher*, 745 F.3d at 1116 ("[W]hen determining whether an arbitration agreement exists, 'courts generally should apply ordinary state-law principles that govern the formation of contracts.'") (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

This case involves "an employment relationship in Florida and both parties appear to recognize that Florida law controls the question of whether a valid arbitration agreement exists." *Armont v. K12 (Fla. Cyber Charter Acad. - FLCCA)*, No. 19-CV-334-J-34MCR, 2019 WL 7666549, at *7 (M.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, No. 19-CV-334-J-34MCR, 2020 WL 376957, at *1 (M.D. Fla. Jan. 23, 2020). Accordingly, the Report correctly applied Florida law in analyzing whether an agreement to arbitrate exists between the parties.

### III. ANALYSIS

The central issue here is whether Macy's and Mr. Bell entered into a valid and binding arbitration agreement. In analyzing this issue, Magistrate Judge Strauss rejected Plaintiff's unconscionability and waiver arguments.[2] However, Magistrate Judge Strauss found a genuine factual dispute exists as to whether Plaintiff timely opted out. Therefore, the Report recommends that Defendants' Motion be denied without prejudice pending a bench trial on the opt-out issue. *See generally* Report.

Plaintiff objects to Magistrate Judge Strauss's recommendation and argues that: (1) the Report does not follow the law; (2) the Report is biased against him; and (3) Defendants have not produced sufficient evidence to support the Report's findings. Pl.'s Obj. at 1. Defendants also object to Magistrate Judge Strauss's recommendation that the Court conduct a bench trial on the opt-out issue and instead urge this Court to grant their Motion in its entirety. Def's Obj. at 2. Defendants' main argument is that the Report erroneously concluded an issue of fact exists here because Plaintiff's affidavit is insufficient to raise a genuine dispute as to whether he timely opted out of arbitration. *Id.* The Court has conducted a *de novo* review of the portions of the Report to which Plaintiff and Defendants have objected in accordance with 28 U.S.C. § 636(b)(1)(C) and will address each set of objections in turn.

#### A. *Plaintiff's Objections Are Without Merit*

As an initial matter, the Court notes that Plaintiff's Objections are improper; they mostly consist of arguments originally raised in Plaintiff's opposition to Defendants' Motion. *See*

---

[2] Finding no valid objection to the Report's findings on unconscionability and waiver, this Court has reviewed the same for clear error and hereby affirms and adopts the Report's conclusion that the subject arbitration agreement is not unconscionable, and that Defendants have not waived their right to arbitrate. *See Macort*, 208 F. App'x at 784; *see also Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) ("Those portions of an R & R to which an objection is not asserted may be reviewed for clear error.") (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

*generally* Pl.'s Obj.  Specifically, Plaintiff claims that Magistrate Judge Strauss did not follow the law in preparing the Report; the Report is biased against him; and that Defendants have failed to set forth substantial evidence to support the Report's findings.  Pl.'s Obj. at 1.  The Court finds that Plaintiff's arguments are without merit.

First, Plaintiff inexplicably asserts that Magistrate Judge Strauss is a "trespasser of the law," *id.*, without identifying so much as one valid misapplication of law within the Report.  Instead, Plaintiff's Objections present a hodgepodge of statements in response to various excerpts copied and pasted from the Report.  *See id*. at 2-3.  Plaintiff's opinions regarding the Report's findings do not constitute valid *legal* objections.  *See Leatherwood*, 384 F. App'x at 857.  The Court finds that Magistrate Judge Strauss properly considered and rejected all of the arguments presented by Plaintiff below, and the Report contains no legal or factual error.

Plaintiff also asserts that the Report is biased against him and the recommendation is tainted due to favoritism toward Defendants.  However, Magistrate Judge Strauss's impartiality cannot reasonably be questioned, nor is there evidence that he has a personal bias or prejudice toward Plaintiff.  Instead, Plaintiff's contentions are based solely on his disagreement with the Report, which Plaintiff views as unfavorable to him.  Mere disagreement with a judge's findings is not tantamount to evidence of bias.

Lastly, Plaintiff incorrectly claims the Report is based on "not one piece of substantial evidence that has been brought forth in support of the Defendants['] case."  Pl.'s Obj. at 1.  This assertion finds no basis in the record.  The Report acknowledges that this matter presents a "close call" largely because Plaintiff has provided scant evidence that he opted out of arbitration.  Report at 6.  Contrary to Plaintiff's representations, Defendants submitted 235 pages of supporting evidence along with their Motion, which included declarations from two high-level employees, as

well as numerous exhibits referenced therein. *See* [ECF Nos. 48-2, 48-3]. Accordingly, the Court rejects Plaintiff's Objections in their entirety.

### B. The Report Properly Drew Reasonable Inferences in Plaintiff's Favor and Concluded an Issue of Fact Exists Regarding Whether Plaintiff Opted-Out

Defendants object to the Report's conclusions as to whether Plaintiff timely opted out of arbitration and urge this Court to forego a bench trial and grant Defendants' Motion to Compel Arbitration in its entirety. Defs.' Obj. at 2. Defendants argue that Magistrate Judge Strauss did not adhere to the summary judgment-like standard that is applied to determine whether parties have agreed to arbitrate. Specifically, Defendants argue that "Plaintiff's affidavit is insufficient to create a genuine issue of material fact because it fails to allege the facts necessary to support a finding that Plaintiff rejected the arbitration agreement." *Id.* at 4.

As discussed *supra*, "[s]tate law governs the issue of the existence of an agreement to arbitrate under the FAA." *Bazemore*, 827 F.3d at 1330. Under Florida law, "[t]he party seeking enforcement of an agreement has the burden of establishing that an enforceable agreement exists." *CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019). "[W]hile doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Bazemore*, 827 F.3d at 1329 (internal quotation marks omitted). A "summary judgment-like standard" is appropriate when determining the existence of an arbitration agreement. *Id.* at 1333. Thus, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Id.* (internal quotation marks omitted). All evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

Here, Defendants have moved to compel arbitration and must therefore establish that a valid arbitration agreement exists. To do so, Defendants must show that Mr. Bell did not mail an opt-out letter postmarked within 30 days of his hire date. In an effort to meet their burden, Defendants produced the declaration of Maria Vogeler, Manager of the Office of Solutions InSTORE for Macy's, Inc. The declaration states that Ms. Vogeler reviewed Macy's PeopleSoft Human Resource database and confirmed that Mr. Bell did not return an opt-out form within 30 days of his hire on August 8, 2014. *See* Vogeler Decl. at ¶ 27. Also, Barry Sherrick, a Manager within Macy's information technology division, reviewed Macy's records and confirmed that on Plaintiff's hire date, Plaintiff viewed and signed several documents explicitly containing the arbitration agreement. *See* Sherrick Decl. at ¶¶ 13-15.

Faced with the aforementioned declarations, Plaintiff submitted his own affidavit contesting Macy's position that he never mailed the opt-out letter. *See* Jason H. Bell Affidavit In Support of Plaintiff Response ("Plaintiff's Affidavit") [ECF No. 59] at 1 (". . . I JASON H. BELL, hereby declares [sic] . . . that I mailed the "**OPT-OUT**" to the Step 4 agreement to the Macy's [SIS Program] on August 01, 2014 or there about as a New Hire within the 30 days time line as per Macy's instructions . . . .") (emphasis in original). Given Plaintiff's *pro se* status, the Court agrees with the Report that while Plaintiff's affidavit is not perfect, it is sufficient to raise an issue of fact with regard to the timely opt-out. And as the non-movant, Plaintiff is entitled to have all reasonable factual inferences drawn in his favor. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("In assessing whether the movant has met this burden, the courts should view the evidence and all *factual* inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts *about the facts* should be resolved in favor of the non-movant.") (citation omitted) (emphases added). Thus, as Magistrate Judge Strauss

concluded, the Court is left with contradictory evidence regarding whether Plaintiff timely mailed the opt-out—and the Report appropriately applied the summary judgment-like standard in its analysis. A genuine issue of material fact exists as to whether the parties formed a valid contract to arbitrate Plaintiff's claims, and this question of fact must be determined by a bench trial. *See* 9 U.S.C. § 4; *Bazemore*, 827 F.3d at 1333.

Defendants also argue that the Report errs by focusing entirely on whether Plaintiff mailed the opt-out form to Macy's and not on whether Macy's *received* the opt-out form.[3] Defs.' Obj. at 4-5. However, the Arbitration Policy Documents do not require that Plaintiff follow up to confirm that Macy's received his opt-out form. By signing the Arbitration Policy Documents, Plaintiff acknowledged, in part, the following:

> I understand that if I do not wish to be covered by Step 4, Arbitration, the only way to notify the Company about my choice is by postmarking my election form within 30 days of hire and mailing it to the Office of Solutions InSTORE.

*See* Sherrick Decl. at 20-22. In his affidavit, Plaintiff claims that he complied with Step 4 of the Macy's SIS Program by mailing the opt-out form on or about August 1, 2014—well within the 30 days' time frame per Macy's instructions stated in the training brochure booklet that "[he] received in the five (5) hours of Training Orientation . . . ." Pl.'s Aff. at 1. The Arbitration Policy

---

[3] In support of their argument, Defendants rely on *Grynko v. Sears Roebuck & Co.*, No. 13-CV-2482, 2014 WL 66495, at *5 (N.D. Ohio Jan. 6, 2014). As a starting point, decisions rendered by courts in other districts are not binding on this Court. *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991). In *Grynko*, the court concluded that plaintiff's affidavit was insufficient to raise a genuine issue of material fact as to whether plaintiff had mailed an opt-out form considering defendant's competing exhaustive evidence that no opt-out notice had been received for that plaintiff. However, a declaration or an affidavit, made on personal knowledge, is generally sufficient to create an issue of fact under the standard of review applicable here. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . declarations . . . ."); *see also Stein*, 881 F.3d at 857 (citation omitted) ("statements based on personal knowledge or observation can defeat summary judgment."). Thus, the Court respectfully disagrees with the *Grynko* court as to whether it is appropriate to weigh one side's evidence against another's at this stage of the proceedings, and whether an affidavit or declaration can—on its own—create a genuine issue of fact.

Documents do not require Plaintiff to retain proof that he mailed the opt-out form or that Defendants received it. Defendants' "receipt" argument asks this Court to improperly incorporate additional requirements into the above-referenced terms. Thus, Defendants' objection is overruled.

## IV.  **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [**ECF No. 69**] is **AFFIRMED AND ADOPTED**.

2. Defendants' Motion to Compel Arbitration and Dismiss Plaintiff's Complaint [ECF No. 48] is **DENIED** *without prejudice*.

3. A bench trial will be held pursuant to 9 U.S.C. § 4 to determine the limited issue of whether Plaintiff timely opted out of arbitration. These proceedings will commence on **Monday, November 9, 2020 at 10:00 AM**. The bench trial will be conducted in Courtroom 205C at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida.

4. Additionally, the Court will hold a status conference in advance of the bench trial on **Wednesday, November 4, 2020 at 10:00 AM** to address case management issues and the logistics of the bench trial proceedings. The status conference will be conducted via Zoom videoconferencing platform and can be accessed at https://www.zoomgov.com/j/1611671257?pwd= TkVySHZOK0N4eDFLM0lYZWZ2UTJmdz09. The Meeting ID is 161 167 1257 and the passcode is 059510.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of October 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record
    Magistrate Judge Jared M. Strauss